The opinion of the Court was delivered by
Wardlaw, J.
The earnest and ingenious arguments which have been addressed to the Court in this case, have given to some of the grounds of appeal an importance disproportioned to any intrinsic difficulty in the points which they present. After due consideration we are of opinion that case is the proper form of action for the unintentional injury done by the defendant’s agent, whence consequential damages have resulted to the plaintiff: that a person, who, under a contract of hiring, has a temporary interest in a slave, may have an action for an injury to that interest, whether death was involved in *165 tbe injury or not: that even if tbe general owner should have a right of action to recover for the injury to the reversionary interest, the action of the temporary owner is not thereby taken away: that negligence or breach of duty on the part of the defendant has been established by the verdict: that the negligence, or wrong, not wilful, of an agent, in the performance of his principal’s work, makes the .principal liable: that the contract of hiring, it has been found, was made with the defendant singly and not with him and other persons, and on this head tbe verdict is conclusive and saves the necessity of all inquiry into the right of the defendant to object, in this action ex delicto, to the nonjoinder of other persons as defendants : and that the verdict is sufficiently sustained by the evidence.
The fourth ground taken for a new trial is the only one worthy of much attention. It denies the propriety of the instructions given that the plaintiff here might recover the whole value of the slave; It is argued that the plaintiff has lost only a few months’ service ; that Fuller, the general owner, may have sustained serious loss, but the right of action in him could not be transferred to the plaintiff; that even if a special bailee accountable over may recover the whole value, there is no evidence to show that here the plaintiff violated his contract with Fuller by hiring to the defendant, or otherwise made himself accountable for the loss which without blame to him has resulted; and that the payment said to have been made to Fuller, if it really was made, gave to the plaintiff no higher rights than he had before.
Several of our cases (see Morris vs. Thompson, 1 Rich. 65; Laney vs. Bradford, 4 Rich. 1,) have held that in trover a tenant for life of slaves could recover against a stranger only the value of the interest for life. The tenant for life in these cases was not accountable to the remainder-man for the conversion of a wrong-doer; indeed, he did not hold under contract with the remainder-man, or under title derived from him.
*166 He who hath the special property in goods in an action against the general owner can recover only according to the value of the special interest: but in actions against a stranger the general rule.is, that he who hath the special interest may recover the whole value because he is chargeable over. Heydon and Smith’s case, 13 Co. Rep. 69; Rooth vs. Wilson, 1 Barn. & Ald. 59; 2 Saund. 47; 5 Binney, 460.
Even where a bailee and the general owner are both entitled to actions for recovery of the whole value, Flewellin vs. Rave, 1 Bulst. 89, is an authority to show that he who first begins his action shall go on with the same; and White vs. Webb, (15 Conn. 303,) recognizing this, holds that where the bailee recovers the'whole value he is for the excess over his own interest, a trustee for the general owner.
Contests may, however, arise between the general owner and ■the bailee, concerning the right of the latter to conclude the formen by a recovery of the whole value, which have not been adjudged in our courts; and it is, therefore, not advisable that we should go beyond the circumstances of the case in hand. Here the acknowledgment which the general owner before action brought, gave of satisfaction made to him by the bailee, precludes all objection which might be urged against the plaintiff, on the ground of the defendant’s further liability to a third person; and the adduction by the plaintiff of that acknowledgment, made in a form which shews payment by the plaintiff, is of itself strong evidence that the plaintiff was, in the ease that existed at the time of the payment, liable over to the general owner. When to that evidence are adduced the circumstances that plaintiff was 'an agriculturist and the slave a field ha,nd, that the hire paid for the slave by the plaintiff, and by the defendant was conformable to the usual wages of a field hand, and that after the machinery was set up the slave was permitted by the plaintiff to 'remain at the mine, the accountability of the plaintiff seems to be sufficiently established.
It is upon this single ground, of the plaintiff’s accountability *167 over coupled with his payment according to such accountability, that we now rest his right to recover the full value. It has been urged in his behalf that, independent of this ground, his right may be sustained by reasoning like this: The action is ex delicto, but is founded upon a contract of hiring by plaintiff to defendant, out of which arose a duty which the defendant violated by employing the slave in derogation of it; as to this contract there is no privity between Puller and the defendant, and, therefore, the plaintiff only can sustain an action for defendant’s breach of the duty.- It may, however, be, that in an action by Fuller,' the plantiff would have been regarded as Fuller’s agent in making the stipulations ouyj£¿p^sefe«*$®s$e the defendant’s duty. jv %. Wf Aj? >\
The motion is dismissed.
O’Neal, Withers, Whitner, Glover, and Munro, JJ., concurred.

Motion dismissed.